

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00226-CR

_____

JOHN WILLIAM LOWE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1675523

---

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

In 2022, Appellant John William Lowe pleaded guilty to the second-degree-felony offenses of robbery causing bodily injury, *see* Tex. Penal Code Ann. § 29.02(a)(1), (b), and assault upon a police officer, *see id.* § 22.01(a), (b-2). The trial court deferred finding him guilty of the offenses and placed him on five years' deferred adjudication community supervision. In May 2024, the State filed its Sixth Amended Petitions to Proceed to Adjudication, alleging that Lowe had committed ten violations of the terms of his deferred adjudication community supervision. The trial court held a hearing; found the allegations in paragraphs three, four, five, six, seven, and eight of the State's petitions to be true;[1] sentenced Lowe to five years' imprisonment on each count; and ordered the sentences to run concurrently. *See id.* § 12.33 (setting forth punishment range for second-degree felony). Lowe timely filed a notice of appeal.

After determining that Lowe's appeal was frivolous, Lowe's court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with

---

[1]The State waived paragraphs one, two, and ten prior to the adjudication hearing. The trial court found the allegation in paragraph nine to be not true.

*Kelly v. State*, counsel provided Lowe with copies of the brief and the motion to withdraw; he informed Lowe of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous; and he sent Lowe a form motion for pro se access to the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Lowe had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State declined to file a brief and instead filed a letter in which it agreed with appointed counsel that the appeal is frivolous.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2025

3